UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:  Case No. 09-67842-wsd

MENTAG, JOHN C.,  Chapter 7

      Debtor.  Hon. Walter Shapero

_____/

## OPINION GRANTING RELIEF FROM AUTOMATIC STAY

Before the Court is GMAC's Motion for Relief from Stay. (Docket No. 12). Debtor filed his chapter 7 petition on September 8, 2009. Debtor is the owner of real property located in the Detroit suburb of Beverly Hills. It is subject to a first mortgage in favor of GMAC Mortgage Corp, held in the name of its nominee, MERS, and serviced by GMAC. The mortgage principal balance as of the filing date was $512,699.90, pursuant to an adjustable rate note dated December 1, 2004, in the original amount of $512,000. The last monthly payment was made in November 2008, covering a previous monthly payment due for August or September 2008.

      GMAC filed the instant motion to lift the stay, relying on the indicated payment delinquency and arguing that there is a lack of adequate protection and that Debtor lacks equity in the property. These latter arguments rely on a fair market value of $405,405, as indicated by the property's State Equalized Value for realty tax purposes. Debtor objects, initially raising an issue of standing which the Court had previously preliminarily decided in favor of GMAC (a conclusion reiterated at the evidentiary hearing), and then on the basis there is sufficient equity in the property to preclude granting the motion. The chapter 7 trustee has not contested the motion.

      An evidentiary hearing was held at which both parties introduced documentary evidence and Debtor (who is acting pro se) testified. Debtor testified that in his opinion the property is worth $550,000 based primarily on evidence of sales of various homes in the area during a time period which straddled the filing and the perceived differences between his larger home and those sold, as well as what he felt was a rising market

following a severely depressed one. Debtor valued the property at $400,000 in his schedule A, a value which Debtor now says was obtained from GMAC and not the subject of his own independent investigation at the time. It is unfortunate that neither party saw fit to produce a credible independent appraisal of the property. So what is before the Court is the indicated evidence, i.e., the SEV, Debtor's own valuation at the time of filing, and Debtor's current opinion as to value. Under § 362(g)(1) GMAC bears the burden of proof on the issue of Debtor's equity in the property.

This Court believes, particularly in this day and age, and in light of current market conditions, that the SEV is not, generally speaking, particularly credible evidence of value. Were it the only evidence before it, this Court might very well conclude Movant could not thereby and thereon, have sustained its burden of proof. Debtor's indicated proofs (other than his own statement of value in Schedule A which weighs against him but is not in and of itself decisive) may more credibly point to a higher than SEV value. However, that is not the end of the inquiry. It is appropriate to take into account appropriate sale and related closing expenses in the event of a theoretical sale, in determining the existence (or lack thereof) of any equity. Between a sales commission of say 6% and possibly taxes and other items needed to be paid at closing by a seller, it becomes quite clear that even at Debtor's value figure he has little or no equity in this property at the moment-and that is the applicable test. *See*, *In re Kertennis*, 40 B.R. 895 (Bankr. D.R.I. 1984).

Furthermore, no adequate protection such as proffered monthly payments in an amount which will protect against further erosion of the Movant's interest have been made. Debtor has not made any payment on the property in more than a year. This alone is sufficient "cause" to grant Movant relief from the stay. While Debtor stated in his Statement of Intention filed on September 23, 2009 that he planned to retain the property and "increase income/obtain ln. modification", his testimony at the evidentiary hearing held December 2, 2009 was noticeably different. At the hearing, the Debtor was vague about his intentions regarding the house other than to say that he would like to keep it if to do so made economic and practical sense in light of his family's situation and his possibly moving out of state for employment. Moreover, Debtor failed to provide evidence indicating that he had been pursuing a loan modification or had increased his

income as referenced in the Statement of Intent. Importantly, this is a chapter 7 case – not a chapter 11 or chapter 13 reorganization. While the stay grants a debtor "breathing room," it is not without limit.

In light of all of the above circumstances, the Court deems it appropriate to grant relief from stay. Given recent changes in Michigan law regarding pre-foreclosure requirements, Debtor (if it is applicable here and if he exercises his rights thereunder) is afforded additional time to attempt to deal with the unhappy situation he and his family find themselves in. But under the indicated circumstances, Movant is entitled to a lift of the stay which the Court is granting, but it will be effective 30 days from the date of entry of the order.

Movant shall present an appropriate order.
.

**Signed on December 07, 2009**

            ____ ___/s/ Walter Shapero_____ ___
            **Walter Shapero**
            **United States Bankruptcy Judge**