UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

JOHN C. MENTAG,

        Debtor.
_____/

Case No.: 09-67842-wsd
Chapter 7
Hon. Walter Shapero

**OPINION IN CONNECTION WITH MOTION FOR RELIEF FROM
STAY AND DISTRICT COURT REMAND AND RELATED MATTERS**

On or about December 1, 2001, the Debtor signed a mortgage note payable to GMAC Mortgage Corporation, and incident thereto he and his non-debtor wife executed a mortgage securing that note in favor of Mortgage Electronic Registration Systems ("MERS") as the nominee for that mortgagee/payee.

The Debtor filed this bankruptcy case in 2009. This Court entered an order lifting the stay on December 16, 2009, pursuant to a motion filed by GMAC Mortgage LLC, alleging it was the servicer of that mortgage held of record by MERS. The Debtor raised a standing issue as a defense to that motion essentially claiming that the Movant did not show it was the holder of the mortgage note, or otherwise account for the ownership of the note in a way to afford its proper standing to seek stay relief. That order was appealed and the District Court, pursuant to its Opinion and Order of June 17, 2010, remanded the matter to this Court to determine if MERS retained an interest in the mortgage, as nominee for the "GMAC Corp." or its successors or assigns, and whether GMAC LLC, was the proper servicing agent able to pursue a lift of stay so it could pursue foreclosure action. The reference in the District Court opinion to "GMAC Corp" appears to have been a reference to GMAC Mortgage Corporation, which was the originally named payee of the mortgage note, but not the stay

1

relief Movant. The proceedural history of the matter is set forth in the District Court's opinion and need not be repeated here.

Subsequent to the remand, hearings were held by this Court, and among the evidence produced was credible evidence that GMAC Mortgage Corporation (the original note payee in October 2006) statutorily merged with and into GMAC Mortgage LLC, which was the surviving entity. That fact meant that GMAC Mortgage LLC, as succesor by merger to that original lender, and as servicer, for MERS was indeed a proper party to have filed the original motion to lift the stay in 2009 (if either still then retained an interest in the note and mortgage). The District Court remand was for the stated purpose of clarifying (1) whether the subject loan and mortgage were among those that were securitized and sold, and (2) whether incident to the sale, GMAC Mortgage Corporation and MERS retained as lender and/or nominee an interest in the note and mortgage following the sale, sufficient to give them standing to pursue the lift of stay (given the documentation before the District Court which indicated the note and mortgage may have been sold at some point). In addition to proof of the indicated merger, the evidence produced subsequent to the remand clearly indicates that (1) the note was endorsed in blank by the original payee (which as noted was legally merged into the Movant); and (2) physical possession of that so endorsed bearer note, following its sale, assignment and securitization in 2005 to a trust, remained with the Movant, as the servicer of the loan on the part of, and as agent for the note transferree trust.

As there was no stay sought, or granted, during the pendency of the appeal to the District Court, the Movant commenced foreclosure by advertisement proceedings during the appeal culminating in a sale and a sheriff's deed to MERS on or about March 9, 2010, prior to the District Court's remand order. During the post-remand proceedings, this Court entered an order on

September 22, 2010, stating that as of the date of the District Court's remand opinion, June 17, 2010, the effect of that remand was a reinstitution of the stay, which was to remain in effect until further order of this Court. As both of said dates the Sheriff's foreclosure sale had previously occurred and the six-month equity of redemption period had commenced and was running. About one month subsequent to the Sheriff's sale deed, the Sheriff's sale deed grantee quitclaimed its interest to the Movant.

Following the post-remand evidentiary proceedings, the Court took the matter under advisement. Before any decision was made or an order was issued, the case was unaccountably closed. It was then reopened, following which the Movant renewed its lift of stay motion. At the same time, the Movant also sought a holding that the matter had become moot, because the Debtor no longer had any interest in the property by reason of the foreclosure proceedings, expiration of the equity of redemption period without redemption, and the post-Sheriff's sale transfer to the Movant.

By reason of the foregoing, the Court's legal and factual conclusions are as follows:

(A) The subsequently produced evidence, as noted, shows that as of the filing date of this bankruptcy case and the filing date of the lift stay motion (1) the mortgage note had become a bearer instrument by virtue of its endorsement in blank by the original payee or the entity into which the original payee had been statutorily merged; and (2) that bearer instrument was physically in the hands of the Movant in the lift stay motion, which at the time was acting as the servicer of the mortgage and the agent of the transferee of the ownership of the note and mortgage. In this Court's view that satisfies and meets (a) the concerns of the District Court that led it to remand the case to this Court; and

(b) common law or UCC or Michigan statutory law based arguments raised by the Debtor as to the right or standing of the Movant to a lift of the stay based in whole or part on the separation or lack of ownership of, or sufficient rights in, the note and mortgage. That certainly meets the requirement that the Movant need only show a "colorable interest" to be able to obtain a lift of stay in this Court to enable it to have pursued its rights in a state court; and meets a more stringent requirement, if such there be;

(B) The Movant therefore initially had standing to bring its original motion to lift stay, as of the date of filing of this bankruptcy case and/or the date of filing of its original Motion, or any other relevant date;

(C) Regardless of the foregoing, the Movant itself also appears to have become the owner of the mortgaged property by virtue of the unstayed and completed foreclosure proceedings and the expiration of the equity of redemption without redemption and post-Sheriff's sale transfer of the Sheriff's sale grantee's interest to the Movant;

(D) None of the actions taken relative to the noted foreclosure proceedings and Sheriff's sale were in violation of any stay issued by this Court, and did not violate the District Court's direction in its Opinion of June 17, 2010 that thereafter all foreclosure actions cease; since previous thereto the foreclosure sale had in fact already occurred, and properly so; and, nothing that occurred thereafter amounted to any "foreclosure action" stayed by either the language of the District Court or by this Court's subsequent order; and

4

(E) By reason of the foregoing, the Movant is free to proceed in state court to effectuate its interest(s) in the property; and to that end, the stay referred to in this Court's Order of September 2010 is also hereby terminated.

An order effectuating the foregoing is being contemporaneously entered.

**Signed on May 25, 2012**

                                                **/s/ Walter Shapero**
                                                **Walter Shapero**
                                                **United States Bankruptcy Judge**